IN THE DISTRICT COURT IN AND FOR
THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.

JULISSA MALDONADO,

    Plaintiff,

v.

NATIONAL ASSET MANAGEMENT, LLC,

    Defendant.
_____/

## NATURE OF ACTION

1.    This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under 15 U.S.C. § 1692k(d), 47 U.S.C. § 227(b)(3), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

3.    Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district and where Defendant transacts business in this district.

## PARTIES

4.    Plaintiff, JULISSA MALDONADO ("Plaintiff"), is a natural person who at all relevant times resided in the State of Florida, County of Palm Beach, and City of Boca Raton.

5.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, NATIONAL ASSET MANAGEMENT, LLC ("Defendant") is a limited liability company who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. Within one (1) year preceding the date of this Complaint, Defendant made and/or placed a telephone call to Plaintiff's cellular telephone number, in effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

12. Within one (1) year preceding the date of this Complaint, Defendant willfully and knowingly utilized an automatic telephone dialing system to make and/or place a telephone call to Plaintiff's cellular telephone number, in effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

13. In connection with collection of an alleged debt, Defendant called Plaintiff's cellular telephone on March 23, 2011 at 9:32 A.M., and at such time, left a voicemail message in which Defendant failed to disclose the caller's individual identity and Defendant's true corporate or business name to Plaintiff.

14. In said voicemail message of March 23, 2011, Defendant further failed to notify Plaintiff that the communication was from a debt collector.

15. Defendant called Plaintiff's cellular telephone on April 8, 2011 at 12:27 P.M., and at such time, left a voicemail message in which Defendant failed to disclose the caller's individual identity and Defendant's true corporate or business name to Plaintiff.

16. In said voicemail message of April 8, 2011, Defendant further failed to notify Plaintiff that the communication was from a debt collector.

17. Defendant called Plaintiff's cellular telephone on April 12, 2011 at 10:04 A.M., and at such time, left a voicemail message in which Defendant failed to disclose the caller's individual identity and Defendant's true corporate or business name to Plaintiff.

18. In said voicemail message of April 12, 2011, Defendant further failed to notify Plaintiff that the communication was from a debt collector.

19. Defendant called Plaintiff's cellular telephone on June 1, 2011 at 12:18 P.M., and at such time, left a voicemail message in which Defendant failed to disclose the caller's individual identity and Defendant's true corporate or business name to Plaintiff.

20. In said voicemail message of June 1, 2011, Defendant further failed to notify Plaintiff that the communication was from a debt collector.

21. Defendant called Plaintiff's cellular telephone on June 2, 2011 at 11:57 A.M., and at such time, left a voicemail message in which Defendant failed to disclose the caller's individual identity and Defendant's true corporate or business name to Plaintiff.

22. In said voicemail message of June 2, 2011, Defendant further failed to notify Plaintiff that the communication was from a debt collector.

23. Defendant called Plaintiff's cellular telephone on June 3, 2011 at 2:29 P.M., and at such time, left a voicemail message in which Defendant failed to disclose the caller's individual identity and Defendant's true corporate or business name to Plaintiff.

24. In said voicemail message of June 3, 2011, Defendant further failed to notify Plaintiff that the communication was from a debt collector.

25. Defendant called Plaintiff's cellular telephone on June 7, 2011 at 1:53 P.M., and at such time, left a voicemail message in which Defendant failed to disclose the caller's individual identity and Defendant's true corporate or business name to Plaintiff.

26. In said voicemail message of June 7, 2011, Defendant further failed to notify Plaintiff that the communication was from a debt collector.

27. Defendant called Plaintiff's cellular telephone on June 8, 2011 at 1:55 P.M., and at such time left a voicemail message in which Defendant failed to disclose the caller's individual identity and Defendant's true corporate or business name to Plaintiff.

28. In said voicemail message of June 8, 2011, Defendant further failed to notify Plaintiff that the communication was from a debt collector.

29. Defendant called Plaintiff's cellular telephone on June 9, 2011 at 4:57 P.M., and at such time, left a voicemail message in which Defendant failed to disclose the caller's individual identity and Defendant's true corporate or business name to Plaintiff.

30. In said voicemail message of June 9, 2011, Defendant further failed to notify Plaintiff that the communication was from a debt collector.

31. Defendant called Plaintiff's cellular telephone on June 13, 2011 at 12:36 P.M., and at such time, left a voicemail message in which Defendant failed to disclose the caller's individual identity and Defendant's true corporate or business name to Plaintiff.

32. In said voicemail message of June 13, 2011, Defendant further failed to notify Plaintiff that the communication was from a debt collector.

33. Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

## **COUNT I**

34. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 33.

35. Defendant violated 15 U.S.C. § 1692d(6) by failing to disclose the caller's individual identity in a telephone call to Plaintiff and failing to disclose Defendant's true corporate or business name in a telephone call to Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692d(6);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

36. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 33.

37. Defendant violated 15 U.S.C. § 1692e(11) by failing to notify Plaintiff during each collection contact that the communication was from a debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692e(11);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III

38. Plaintiff repeats and re-alleges each and every allegation contained above.

39. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by willfully and knowingly utilizing an automatic telephone dialing system to make and/or place a telephone call to Plaintiff's cellular telephone number.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(B), in the amount of $500.00 per violation;

c) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(C), in the amount of $1,500.00 per violation;

d) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

f) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

## TRIAL BY JURY

40. Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 29th day of September, 2011.

        Respectfully submitted,
        **JULISSA MALDONADO**

        By: s/ Alex D. Weisberg
        ALEX D. WEISBERG
        FBN: 0566551
        WEISBERG & MEYERS, LLC
        ATTORNEYS FOR PLAINTIFF
        5722 S. Flamingo Rd, Ste. 656
        Cooper City, FL 33330
        (954) 212-2184
        (866) 577-0963 fax
        aweisberg@attorneysforconsumers.com